IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN *et al.*,

    Plaintiffs,

v.                                                               Civ. No. 77-721 KG/KK

BRUCE KING,

    Defendant.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court on Barry Holloway's Motion for Appointment of Counsel (Doc. 2693), filed December 9, 2015.  For the following reasons, the Court FINDS that Mr. Holloway's motion is not well taken and will be DENIED.

Mr. Holloway has filed motions seeking injunctive relief for alleged violations of the consent decree this Court entered on September 20, 1991, regarding still extant restrictions on overcrowding at the Western New Mexico Correctional Facility.  (Docs. 2692, 2694; *see* Doc. 1748 (Order filed Sept. 20, 1991) & Doc. 2667 (Order filed Jul. 16, 1999).)  In so doing, he appears to be acting as a member of the Plaintiff class.  (*Id.*)  In this regard, Mr. Holloway and his fellow class members are already ably represented by very competent attorneys with long experience in this case appointed pursuant to Federal Rule of Civil Procedure 23.  Fed. R. Civ. P. 23(g).  Mr. Holloway has not asserted that these attorneys' representation has been or is likely to be in any way inadequate or improper, and the Court finds that retaining current counsel will best serve the interests of the Plaintiff class.  The Court therefore declines to appoint new or different counsel for the Plaintiff class pursuant to Rule 23(g).  *See Skinner v. Uphoff*, 175 F. App'x 255,

260 (10th Cir. 2006)[1] (affirming denial of prisoner's motion to appoint new class counsel where current class counsel's "representation was more than adequate"); *Arney v. Finney*, 766 F. Supp. 934, 940 (D. Kan. 1991) (declining to terminate appointed counsel or appoint different counsel for prisoner plaintiff class where class was "effectively and vigorously represented by counsel who have a good knowledge of the law and long experience with the particular facts of th[e] case").

To the extent that Mr. Holloway is attempting to seek relief pursuant to the consent decree on behalf of the Plaintiff class, he must do so through current class counsel.

> [T]he court must rely upon counsel for plaintiffs to represent the class and to bring relevant matters to the court's attention on behalf of the class. The confusion and repetition which would be created by individual members of the class raising their own complaints was one of the reasons for certifying this matter as a class action. Although the court has permitted various documents authored by individual class members to be filed in this case, this does not mean that individual class members . . . are at liberty to act as lawyers for the class or to pursue individual claims unrelated to the class.

*Arney*, 766 F. Supp. at 940. To the extent that Mr. Holloway is attempting to "pursue individual claims unrelated to the class," *id.*, *i.e.* claims that fall outside the remedial portion of the consent decree relating to Section II (restriction on overcrowding) of the Settlement Agreement executed on June 10, 1991, Mr. Holloway must bring such claims in an independent lawsuit. (Doc. 2667 at 3 ("[N]o suit filed by a prisoner with respect to a New Mexico correctional facility should be transferred to the *Duran* court unless that suit seeks injunctive or declaratory relief for violation of the court's order regarding restrictions on overcrowding at a facility to which the court's order on that subject applies. . . . This court will . . . treat any suits raising issues within areas the *Duran* court has vacated as new matters independent of *Duran*.").); *see also Arney*, 766 F. Supp. at 941 (individual claims not relevant to class claims "should be raised in separate litigation").

---

[1] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

Mr. Holloway has no inherent right to separately appointed counsel in this matter, *Skinner*, 175 F. App'x at 260-61, and has not asserted any objections to the adequacy of representation of the Plaintiff class.  As such, he has not persuaded the Court that his claims warrant a request for separate *pro bono* counsel, and his motion for the appointment of counsel will be denied.  To the extent that Mr. Holloway requests assistance in finding an attorney on his own for claims unrelated to this matter, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Mr. Holloway's Motion for Appointment of Counsel (Doc. 2693) is DENIED.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Mr. Holloway.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE