IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN *et al.*,

        Plaintiffs,

v.

        Civ. No. 77-721 KG/KK

MICHELLE LUJAN GRISHAM *et al.*,

        Defendants.

**ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT, AND**

**APPROVING AND DIRECTING THE ISSUANCE OF
NOTICE TO PLAINTIFF CLASS MEMBERS**

THIS MATTER is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement Agreement (Doc. 3067), filed August 21, 2019.[1] The Court, having reviewed the parties' submissions, the record, and the relevant law, having heard counsel's arguments at a hearing on August 28, 2019, and for the reasons stated on the record at the hearing, FINDS:

1. The Court has jurisdiction over the parties and the subject matter herein.

2. This is a class action originally brought in 1977 alleging violations of the federal constitutional rights of certain inmates in the State of New Mexico's custody. By the parties' agreement, the Court entered an order on July 15, 1980, noting that the Plaintiff class had been certified under Federal Rule of Civil Procedure 23(b)(1) and (2), and redefining it as:

> all those inmates who are now, or in the future may be, incarcerated in the Penitentiary of New Mexico at Santa Fe or at any maximum, close, or

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the undersigned to conduct any and all proceedings and enter a final order as to their Joint Motion for Preliminary Approval (Doc. 3067). (Doc. 3069.)

1

medium security facility open for operation by the State of New Mexico after June 12, 1980.[2]

(Docs. 101, 405.)

3. After extensive litigation, on June 10, 1991, the parties entered into a settlement agreement resolving all then-pending motions. (Doc. 2851-3.) The Court issued an order adopting the parties' agreement on September 20, 1991. (Doc. 1748.) By July 16, 1999, all of the remedial provisions in the settlement agreement and order had been satisfied and vacated, except for those in Section II of the settlement agreement regarding restrictions on overcrowding. (Doc. 2851-1.) Per the agreement, the restrictions on overcrowding were to remain in place indefinitely. (Doc. 2851-3.)

4. The litigation was dormant from late 1999 to late 2015, when a class member revived it by filing *pro se* motions for an emergency injunction and a contempt order. (Docs. 2692, 2694.) Class counsel resumed active representation of the Plaintiff class and, on February 22, 2016, filed a Motion for Emergency Declaratory and Injunctive Relief, for a Finding of Contempt and for Orders Imposing Coercive and Compensatory Remedial Relief. (Doc. 2727.) On August 5, 2016, with the assistance of then-United States Chief Magistrate Judge Karen B. Molzen, the parties reached a settlement regarding the claims for relief raised in class counsel's emergency motion. (Doc. 2764.) The Court approved this settlement on August 31, 2016. (Doc. 2769.)

5. Almost a year later, on July 5, 2017, class counsel filed a Motion for Declaratory, Injunctive, and Remedial Relief regarding Violations of the Court's Stipulated Orders, alleging that Defendants were violating the Court's Orders entered on September 20, 1991 and August 31,

---

[2] The class had previously been certified as "all inmates who are now, or in the future may be incarcerated in the Penitentiary of New Mexico at Santa Fe." (Docs. 33, 101.)

2016. (Doc. 2837.) Class counsel later filed two additional motions for declaratory, injunctive, and remedial relief. (Docs. 2928, 2929.) Defendants opposed these motions, and also filed motions to dismiss seeking termination of all remedial relief and an automatic stay on December 5, 2018. (Docs. 2851, 2976, 2977, 3003, 3004.) Class counsel, in turn, filed a Motion for Order to Postpone Automatic Stay on December 20, 2018. (Doc. 3009.)

6. In its motions, the Plaintiff class has alleged ongoing violations of the Eighth and Fourteenth Amendments to the United States Constitution, including unreasonable risks to the health and safety of class members due to overcrowding, violence, misclassification, disproportionate discipline, understaffing, environmental conditions including vermin and constitutionally inadequate bathroom facilities and plumbing, constitutionally inadequate healthcare, and failure to timely release inmates upon completion of their sentences of incarceration, at prison facilities operated by the New Mexico Corrections Department ("NMCD"). (Doc. 3009 at 4-10.)

7. The parties have conducted extensive investigation and discovery regarding the claims and defenses raised in their most recent set of motions. However, before all of these motions were fully briefed, the parties jointly sought and obtained a series of stays of the litigation to allow them to pursue settlement negotiations.[3] (Docs. 3019, 3031, 3035, 3038, 3043.)

8. The parties participated in a settlement conference with United States Magistrate Judge Steven C. Yarbrough on February 25, 2019, March 29, 2019, and April 30, 2019. (Docs. 3029, 3034, 3040.) At a status conference on May 3, 2019, counsel advised the Court that the parties had reached a settlement in principle. (Doc. 3044.)

---

[3] The parties also withdrew certain motions without prejudice to their ability to refile them should the settlement negotiations prove unsuccessful. (Doc. 3018; *see* Docs. 3003, 3004, 3009.)

9. On June 3, 2019, the parties filed a Joint Motion for Preliminary Approval of Settlement Agreement. (Doc. 3047.) In this motion, the parties sought the Court's preliminary approval of a settlement agreement signed on May 14, 2019. (*Id.* at 1; *see* Doc. 3047-1.) The Court held a hearing on the motion on June 11, 2019, after which the parties conferred and clarified language in the agreement. (Docs. 3055, 3067.)

10. The parties incorporated their clarifications in a Revised Settlement Agreement, which they executed on August 14, 2019. (Doc. 3067.) The parties then filed a second Joint Motion for Preliminary Approval of Settlement Agreement on August 21, 2019. (*Id.*) In their August 21, 2019 motion, the parties seek the Court's preliminary approval of the Revised Settlement Agreement and represent that the revised agreement "is now the operative version of the Settlement Agreement and . . . supersedes the May 14, 2019 version of the Agreement."[4] (*Id.* at 1.) The parties attached the Revised Settlement Agreement and a proposed Notice to Plaintiff Class Members to their August 21, 2019 motion. (Docs. 3067-1, 3067-2.)

11. In their proposed Notice to Plaintiff Class Members, the parties identify the class as "[a]ll men confined to a medium or higher custody facility and all women of any classification level in NMCD custody."[5] (Doc. 3067-2 at 1.)

12. On August 28, 2019, the Court held a hearing on the record on the parties' August 21, 2019 motion. (Doc. 3070.) At the hearing, counsel and the NMCD Cabinet Secretary made presentations and responded to the Court's inquiries regarding the parties' agreement.

---

[4] In light of the parties' August 21, 2019 motion, the Court denied their June 3, 2019 motion as moot on August 27, 2019. (Doc. 3068.)

[5] The Court notes that, by September 20, 1991, when the Court approved the parties' June 10, 1991 settlement agreement, all female department of corrections inmates in the State of New Mexico, regardless of their classification level, were housed at the New Mexico Women's Correctional Facility, a "maximum, close, or medium security facility open for operation by the State of New Mexico after June 12, 1980." (Docs. 101, 405.) Thus, all female inmates in the State of New Mexico, regardless of their classification level, were members of the Plaintiff class at that time.

13. The Court has carefully and rigorously considered the terms of the Revised Settlement Agreement and the proposed Notice to Plaintiff Class Members, along with the parties' submissions and presentations.

14. The Court finds that the Revised Settlement Agreement is likely to be approved under the standards set forth in Federal Rule of Civil Procedure 23(e) and 18 U.S.C. § 3626 of the Prison Litigation Reform Act ("PLRA"), and makes the following preliminary findings in this regard:

    a) For purposes of the Revised Settlement Agreement, the Plaintiff class should be redefined to consist of "[a]ll men confined to a medium or higher custody facility and all women of any classification level in the New Mexico Corrections Department's custody."

    b) Class counsel have adequately represented the Plaintiff class. Fed. R. Civ. P. 23(e)(2)(A). They have consistently and zealously pursued class interests, which has resulted in a favorable settlement agreement.

    c) The Revised Settlement Agreement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). The parties vigorously litigated this case prior to resolution and reached the Revised Settlement Agreement only after extensive negotiations and with Judge Yarbrough's assistance.

    d) The relief proposed to be provided to the class is adequate. Fed. R. Civ. P. 23(e)(2)(C). Class counsel agreed to a compromise regarding the relief they sought only after careful consideration of the relevant circumstances, including possible benefits to the class that could be achieved by further litigation, the length of time this action has been pending and is likely to continue, the expense of further litigation, the risks and costs of further delay, the complexity of the litigation, and

the risk to the class of achieving a less favorable outcome. The Revised Settlement Agreement does not address the award of attorneys' fees and costs to class counsel, except to preserve the parties' arguments regarding this issue.

e) The notice procedure and Notice to Plaintiff Class Members the parties have proposed, as modified by this Order and in the revised Notice to Plaintiff Class Members attached hereto, are reasonably calculated to inform all class members of the pendency of the action and the terms of the proposed settlement, and to afford them an opportunity to object to the proposed settlement. *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1171 (10th Cir. 2016); *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). The modified proposed Notice and notice procedure constitute the best notice practicable under the circumstances.

f) The Revised Settlement Agreement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). Counsel have adequately explained why some categories of inmates in the Plaintiff class will receive greater remedial relief than others, and these differences in treatment are equitable and objectively reasonable in that they avoid adverse impacts on public safety in accordance with the PLRA. 18 U.S.C. § 3626(a)(1), (c)(1).

g) In compliance with the PLRA and in accordance with the parties' stipulations, the prospective relief provided for in the Revised Settlement Agreement is narrowly drawn. *Id*. The prospective relief is specific, concrete, and carefully composed to directly address overcrowding in the prison facilities in which members of the Plaintiff class are incarcerated, and conditions flowing from and related to such

overcrowding, sufficient to constitute violations of the Eighth and Fourteenth Amendments.

h) In compliance with the PLRA and in accordance with the parties' stipulations, the prospective relief provided for in the Revised Settlement Agreement extends no further than necessary to correct the violation of the federal constitutional rights of the Plaintiff class. *Id.* The prospective relief is limited in scope and tailored to cure overcrowding in the prison facilities in which members of the Plaintiff class are incarcerated, and conditions flowing from and related to such overcrowding, sufficient to constitute violations of the Eighth and Fourteenth Amendments. The Revised Settlement Agreement further includes mechanisms to ensure that its provisions are kept in place only so long as necessary to cure the unconstitutional conditions.

i) In compliance with the PLRA and in accordance with the parties' stipulations, the prospective relief provided for in the Revised Settlement Agreement is the least intrusive means necessary to correct the violation of the federal constitutional rights of the Plaintiff class. *Id.* In this regard, the Court notes that Defendants actively participated in crafting the prospective relief, agreed to it, and determined and stipulated that it is the least intrusive means to correct the constitutional violations at issue. Further, Defendants have identified, and the Court has discerned, no adverse impact on public safety or the operation of a criminal justice system that would be caused by the prospective relief. *Id.*

j) The Revised Settlement Agreement, if finally approved, will not require the Court to enter a "prisoner release order" as the PLRA defines that term. *See* 18 U.S.C. § 3626(a)(3), (g)(4).

k) The terms of the Revised Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiff class. Fed. R. Civ. P. 23(e)(2).

15. The Court has determined that it would be in the best interests of the parties and would further the ends of justice for this Court to conduct a final approval hearing regarding the Revised Settlement Agreement.

For these reasons, **IT IS HEREBY ORDERED** as follows:

A. The Court preliminarily redefines the Plaintiff class for purposes of the Revised Settlement Agreement as "[a]ll men confined to a medium or higher custody facility and all women of any classification level in the New Mexico Corrections Department's custody";

B. The Court preliminarily approves the Revised Settlement Agreement as fair, adequate, reasonable, and likely to meet the requirements of Federal Rule of Civil Procedure 23(e) and 18 U.S.C. § 3626;

C. The Court approves the form and content of the parties' proposed Notice to Plaintiff Class Members, as modified in the Notice to Plaintiff Class Members attached hereto, as satisfying the requirements of Federal Rule of Civil Procedure 23 and due process;

D. Defendants are directed to provide the approved Notice to Plaintiff Class Members and Revised Settlement Agreement to class members by **Tuesday, September 24, 2019** as follows: (1) Defendants are to post the approved Notice and the entire Revised Settlement Agreement in both English and Spanish in the law library, general library, dining facilities, recreational facilities, and on a bulletin board in every unit in every NMCD facility within the

State of New Mexico, from **Tuesday, September 24, 2019** through **Monday, December 23, 2019**; and, (2) Defendants are to provide the entire text of both the approved Notice and the Revised Settlement Agreement to each inmate housed in any segregated housing unit between **Tuesday, September 24, 2019** and **Monday, December 23, 2019**, in either English or Spanish at the inmate's election, by **Tuesday, September 24, 2019** or as soon as practicable thereafter if the inmate first becomes so housed after that date;

E. Any class member who wishes to object to the Revised Settlement Agreement must submit his or her objection(s) in writing by **Monday, December 23, 2019**. The objection(s) should include: (1) the name and number of this case: *Duran v. Grisham*, 1:77-cv-00721-KG-KK"; (2) the objector's name and address; and (3) a statement of the legal and factual bases for each objection. Objections must be sent to:

Clerk, United States District Court
District of New Mexico
Pete V. Domenici U.S. Courthouse
333 Lomas Boulevard, N.W.
Albuquerque, New Mexico 87102

Defendants shall allow class members to write and submit their objections to the Court free of charge until **Monday, December 23, 2019**. To be mailed free of charge, objections should be submitted to the class member's case manager in a sealed envelope marked "legal mail." The case manager shall mail the objections to the Court free of charge to the class member;

F. Counsel for the parties are to submit memoranda to the Court in support of final approval of the Revised Settlement Agreement by **Wednesday, January 22, 2020**;

G. The Court will schedule a final approval hearing at its earliest convenience on or after **Monday, January 27, 2020**, to consider the fairness, reasonableness, and adequacy of the Revised Settlement Agreement and its compliance with the PLRA, and whether the Court

should approve it; and,

H. All pending motions in this case are STAYED pending the Court's determination regarding whether the proposed class action settlement should be finally approved.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE