**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**Before the Honorable Kirtan Khalsa
United States Magistrate Judge**

**Clerk's Minutes**

*Duran et al. v. Lujan Grisham et al.*
Civ. No. 77-721 KK/SCY

Friday, April 17, 2020 at 1:00 p.m.

Court Reporter: Paul Baca

| | |
|---|---|
| **PLAINTIFFS' ATTORNEYS PRESENT**: | **Alexandra Freedman Smith**<br>**Katherine Loewe**<br>**Philip Davis**<br>**Mark Donatelli**<br>**Reed Bienvenu**<br>**Paul Haidle** |
| **DEFENDANTS' ATTORNEYS PRESENT**: | **Jennifer Saavedra**<br>**Olga Serafimova** |
| **OTHER PERSONS PRESENT**: | **Alisha Tafoya Lucero**<br>**Hope Salazar** |
| **TYPE OF PROCEEDING**: | Telephonic Hearing on Plaintiffs' Emergency Motion for Temporary Restraining Order and Order to Show Cause (Doc. 3224) |

Total Time – 1 hour 26 minutes

**CLERK'S MINUTES:**

The Court held a telephonic hearing on the record on Plaintiffs' Emergency Motion for Temporary Restraining Order and Order to Show Cause (Doc. 3224).

In response to the Court's inquiry, Plaintiffs' counsel indicated that they do not have any evidence to present in support of their motion other than the Good Time Figuring Sheets ("GTFS") the parties' counsel forwarded to the Court and the documents attached to Plaintiffs' motion.

The Court and counsel discussed the current status of Plaintiffs' motion in light of the information Defendants provided in their response (Doc. 3227).

Plaintiffs' counsel argued that there are still seven class members who have not received the good time awards to which they are entitled under paragraph 17 of the Second Revised Settlement Agreement ("SRSA ¶ 17").

Regarding Ashley Montano, defense counsel and Ms. Salazar indicated that she has received the good time award to which she is entitled and the notation on her GTFS is an error that has been corrected. The Court ordered Defendants to provide Plaintiffs with documentation certifying that the error has been corrected as of the close of business today.

Regarding Toussaint Clarke and Kiera Ensey, defense counsel and Ms. Salazar indicated that these class members have received the good time awards to which they are entitled as parole absconders.

Regarding Edward Goodrum, counsel for both sides concurred that he has received the good time award to which he is entitled.

Regarding Crystal Sandoval, defense counsel and Ms. Salazar indicated that she has received the good time award to which she is entitled and it has been applied to one of her concurrent sentences but not the others, in accordance with Defendants' reading of the provision in SRSA ¶ 17 that permits only one good time award per inmate.

Regarding Maygan Davis, Plaintiffs' counsel agreed that, on paper, she has received the good time award to which she is entitled. However, Plaintiff's counsel argued that Ms. Davis has not received the benefit of the award because she is still incarcerated while awaiting a bed in transitional housing and a file audit by Offender Management Services. In response to this argument, defense observed that many factors go into the determination of when an inmate can be released.

Plaintiffs' counsel indicated that they have no evidence that Defendants' late award of good time under SRSA ¶ 17 has harmed any identified class member.

Plaintiffs' counsel stated that, when they filed their motion, no class member serving in-house parole other than Christopher Romero would have been within 10 days of release had he or she received a good time award under SRSA ¶ 17. However, Plaintiffs' counsel indicated that there are other in-house parolees who will soon be eligible for release if they receive a good time award under SRSA ¶ 17.

Defense counsel, Ms. Salazar, and Ms. Tafoya Lucero argued that in-house parolees are excluded from relief under SRSA ¶ 17 because they could be released at any moment and are therefore considered to have less than 45 days left to serve on their sentences.

The Court and counsel discussed whether the 45-day exclusion in SRSA ¶ 17 applies after March 31, 2020.

In response to the Court's inquiry, counsel for both sides addressed whether the temporary restraining order Plaintiffs have requested is a disfavored preliminary injunction.

The Court denied Plaintiffs' motion for a temporary restraining order and notified counsel that it will issue a written order setting forth the reasons for the denial.

The Court ordered the parties to submit simultaneous briefing regarding whether in-house parolees are categorically excluded from receiving remedial relief under SRSA ¶ 17 no later than **Friday, May 1, 2020**. The Court further ordered the parties to file response briefs, if any, by **Wednesday, May 6, 2020**, and to limit response briefs to issues not already addressed in the initial briefs. The Court instructed the parties to include in their initial briefs whether the 45-day exclusion in SRSA ¶ 17 applies to anyone after March 31, 2020, and, if not, whether SRSA ¶ 17 would conflict with any state statutes. The Court further instructed the parties to address whether there are any other reasons under state law why in-house parolees should be excluded from receiving remedial relief under SRSA ¶ 17.