IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN *et al.*,

        Plaintiffs,

vs.                                                               Civ. No. 77-721 KK/SCY

MICHELLE LUJAN GRISHAM *et al.*,

        Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Patricio David Ortegon's Motion for Reconsideration to Proceed *In Forma Pauperis* on Appeal (Doc. 3244) ("Motion"), filed June 10, 2020. The Court, having reviewed the Motion, the record, and the relevant law, and for the reasons set forth below, FINDS that the Motion is not well taken and should be DENIED.

On May 21, 2020, this Court entered its Order Denying Application to Proceed *In Forma Pauperis* on Appeal (Doc. 3238) ("Order Denying Application"), in which it denied Mr. Ortegon's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3222) ("Application"), which it construed as an application for leave to proceed *in forma pauperis* on appeal. The Court denied Mr. Ortegon's Application based on Federal Rule of Appellate Procedure 24, which requires a party seeking leave to proceed *in forma pauperis* on appeal to submit an affidavit that "states the issues that the party intends to present on appeal," Fed. R. App. P. 24(a)(1)(C), so that the Court may determine whether the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). In this regard, the Court noted that the burden is on the party seeking *in forma pauperis* status to show that he is raising reasoned and nonfrivolous issues on appeal. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see Watkins v. Leyba*, 543 F.3d

1

624, 627 (10th Cir. 2008) (to be allowed to proceed *in forma pauperis* on appeal, appellant must present "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

As the Court pointed out in its Order Denying Application, neither Mr. Ortegon's Notice of Appeal nor his Application identified any issue that he intends to raise on appeal. (*See* Docs. 3214, 3222.) His response (Doc. 3237) to the Court's Order to Cure Deficiencies (Doc. 3223) in his Application was similarly lacking, even though the Court specifically informed Mr. Ortegon that his Application was deficient because he had failed to "state the issue(s) that he intends to present on appeal" and gave him 30 days to cure the deficiency. (Doc. 3223 at 2-3.) In short, the Court denied Mr. Ortegon's Application because he never complied with Rule 24 by informing the Court of the issues that he intends to raise on appeal, much less presented a reasoned, nonfrivolous argument on the law and facts in support of any such issues. Fed. R. App. P. 24(a)(1)(C); *Watkins*, 543 F.3d at 627.

In the Motion presently before the Court, Mr. Ortegon asks the Court to reconsider its denial of his Application. (Doc. 3244 at 1.) However, Mr. Ortegon's Motion again fails to remedy the fundamental deficiency that led to the denial, *i.e.*, his failure to show that his appeal is taken in good faith. Mr. Ortegon asks the Court to "elaborate on what specific issue(s) that [he] need[s] to raise." (*Id.* at 2.) However, the Court cannot act as Mr. Ortegon's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And, the Court cannot discern from his submissions any reasoned, nonfrivolous argument on the law and facts in support of any issues he intends to raise on appeal.

In his Motion, Mr. Ortegon characterizes the parties' Second Revised Settlement Agreement ("SRSA") as a "euphemistic term for Reckless Human Endangerment," alleges that

overcrowding has caused 18 cases of and one death from COVID-19 at the Otero County Prison Facility, contends that the SRSA violates the Uniform Commercial Code, and references two state court cases and his objections to the SRSA. (Doc. 3244 at 2.) Even construing his *pro se* Motion liberally to incorporate his objections (Doc. 3111) by reference, *Hall*, 935 F.2d at 1110, the Court is unable to find in these allegations any reasoned, nonfrivolous basis for Mr. Ortegon's appeal. Mr. Ortegon's Motion will therefore be denied. *See also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").

    IT IS THEREFORE ORDERED that Patricio David Ortegon's Motion for Reconsideration to Proceed *In Forma Pauperis* on Appeal (Doc. 3244) is DENIED.

    IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent