IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN, *et al.*,

    Plaintiffs,

v.                                                                                   Civ. No. 77-721 KK/SCY

MICHELLE LUJAN GRISHAM, *et al.*,

    Defendants.

### ORDER DENYING MR. GRANADO'S MOTION

THIS MATTER is before the Court on Augustin Granado's Motion (Doc. 3343), filed May 30, 2023, which appears to concern subpoenas he wants the Court to issue relating to, *inter alia*, "New Claims Pursuant to Duran Consent Decree." (*Id.* at 1.) For the following reasons, the Court FINDS that the Motion is not well taken and should be DENIED.

To the extent that Mr. Granado seeks enforcement of the Second Revised Settlement Agreement (Doc. 3200-1) ("SRSA") approved by the Court on February 14, 2020, (Doc. 3205), as a member of the Plaintiff class, and/or the issuance of subpoenas to pursue such enforcement, he must do so through current class counsel. "Plaintiffs are being effectively and vigorously represented by counsel who have a good knowledge of the law and long experience with the particular facts of this case." *Arney v. Finney*, 766 F. Supp. 934, 940 (D. Kan. 1991), *aff'd in part, appeal dismissed in part,* 967 F.2d 418 (10th Cir. 1992).

> As the court has stated on other occasions in this litigation … , the court must rely upon counsel for plaintiffs to represent the class and to bring relevant matters to the court's attention on behalf of the class. The confusion and repetition which would be created by individual members of the class raising their own complaints was one of the reasons for certifying this matter as a class action. Although the court has permitted various documents authored by individual class members to be filed in this case, this does not mean that individual class members … are at liberty to act as lawyers for the class or to pursue individual claims unrelated to the class.

*Id.* Here, class counsel have shown that they are fully able and willing to seek relief from the Court as warranted by filing appropriate motions on behalf of the class in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Fed. R. Civ. P. 7(b)(1); D.N.M.LR-Civ. 7.1. Thus, if Mr. Granado believes that he has rights under the SRSA that he wishes to vindicate, he should contact class counsel regarding how to proceed.

To the extent that Mr. Granado is attempting to pursue individual claims that fall outside of the SRSA's provisions, he must bring such claims in an independent lawsuit. *Arney*, 766 F. Supp. at 941 (individual claims not relevant to class claims "should be raised in separate litigation"); (*see* Doc. 3200-1 at 14 (Court retains jurisdiction over disputes regarding "the interpretation or enforcement" of the SRSA, which "constitutes the entire set of obligations and duties necessary for Defendants' full release from this litigation").) If Mr. Granado wishes to retain an attorney on his own for any claim unrelated to the SRSA, he may consult the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation. The Court will direct the Clerk to mail a copy of the Guide to Mr. Granado.

IT IS THEREFORE ORDERED that Mr. Granado's Motion (Doc. 3343) is DENIED.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Mr. Granado.

IT IS SO ORDERED.

*[signature: Kirtan Khalsa]*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE