# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN, et al.,

    Plaintiffs,

v.                                                            Civ. No. 77-00721 KK/SCY

MICHELLE LUJAN GRISHAM, et al.,

    Defendants.

## UNOPPOSED MOTION FOR FINDING OF SUBSTANTIAL COMPLIANCE WITH PARAGRAPH 6 OF THE SECOND REVISED SETTLEMENT AGREEMENT

Defendants, Michelle Lujan Grisham and the New Mexico Corrections Department, through their attorneys, Robles, Rael & Anaya, P.C. (Taylor S. Rahn), state the following for their Unopposed Motion For Finding of Substantial Compliance with Paragraph 6 of the Second Revised Settlement Agreement:

### INTRODUCTION

This decades old lawsuit involves reforms to the New Mexico prison system. On February 14, 2020, the Court granted final approval of the Second Revised Settlement Agreement ("SRSA") setting forth all remaining obligations in this matter as well as a plan to bring this litigation to a conclusion. See **(Doc. No. 3205)**. Relevant to this Motion is, Paragraph 6 which requires:

> Within three months of the entry of this Court's final approval order, NMCD will modify its LSA policy prohibiting inmates who are within 90 days of their release date from being awarded LSAs. Inmates who are 45 days or more from their release date shall be eligible for LSAs.

**(Doc. No. 3200-2)**, ¶ 6.

In regards to the exit strategy, the SRSA provides:

> When the Defendants believe they have substantially complied with any of the items set forth in this Revised Settlement Agreement, they will notify the Plaintiffs in writing. The notice will state the basis for asserting substantial compliance. At any time after thirty days from this notice, the Defendants may file a motion for a finding of substantial compliance as to the item(s) addressed in the notice.

Id., ¶21.

Pursuant to the terms of the SRSA, Defendants seek a finding of substantial compliance with Paragraph 6.

## FACTUAL BACKGROUND

1. On May 13, 2020, NMCD amended Policy 0828001 regarding lump sum awards. See Policy, effective May 13, 2020, attached as *Exhibit A*.

2. Specifically, Section A(13), as amended, notes "[i]nmates are not eligible for full LSA award if the completion date of the program is within 45 days of the projected release date with the Lump Sum factored in."

3. NMCD also amended its sample instructions for lump sum calculations. See Sample Instructions, attached as *Exhibit B*.

4. Again, these instructions refer to 45 days from the projected release date.

5. On June 23, 2023, NMCD provided notice of compliance with Paragraph 6 to Plaintiffs. See Certificate of Service **(Doc. No. 3348)**.

6. Plaintiffs do not oppose a finding of substantial compliance with Paragraph 6.

## ARGUMENT

Defendants have complied with the clear terms of Paragraph 6 by amending their policy regarding lump sum awards to allow for full awards up to 45 days ahead of projected release date. Plaintiffs do not oppose a finding of substantial compliance.

**WHEREFORE,** Defendants request the Court enter an Order granting their Unopposed Motion For Finding of Substantial Compliance with Paragraph 6 of the Second Revised Settlement Agreement, determining Paragraph 6 to be in substantial compliance, and setting the deadline for sustained compliance from six (6) months from the entry of the Court's Order.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By: /s/ Taylor S. Rahn
Taylor S. Rahn
Attorney for Defendants
500 Marquette Ave. NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
(505) 242-1106 (facsimile)
taylor@roblesrael.com

APPROVED BY:

Law Office of Alexandra Freedman Smith
Approved via email on 07/11/23
Alexandra Freedman Smith
925 Luna Circle NW
Albuquerque, NM 87102
(505) 200-2331
asmith@smith-law-nm.com
*Attorneys for Plaintiff Class*

3

I hereby certify that on this 11<u>th</u> day of July, 2023 the foregoing was electronically served through the CM/ECF system to all counsel of record.

/s/ Taylor S. Rahn
Taylor S. Rahn