IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DWIGHT DURAN**, *et al.*,

    Plaintiffs,

v.                                                                            Civ. No. 77-721 KK/SCY

**MICHELLE LUJAN GRISHAM**, *et al.*,

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER REGARDING PREA REPORTS

**THIS MATTER**, having come before the Court on the parties' Joint Motion for Confidentiality Order, the Court, having reviewed the Motion, finds that it is well taken and should be **GRANTED**.

**THE COURT FINDS** that it is in the interest of the parties for a Qualified Protective Order to be entered as follows:

Paragraph 13 of the Second Revised Settlement ("SRSA") agreement provides:

NMCD will not take away good time or otherwise discipline class members for reporting in good faith alleged PREA[1] violations, as provided in PREA Standard 28 C.F.R.115.78(f). However, NMCD does not waive its rights under PREA Standard 28 C.F.R. 115.52(g).

(Doc. 3200-1 ¶ 13.)

The Monitoring and Access Agreement provides:

Every three months following the Court's final approval of the RSA, Defendants shall provide Plaintiffs' class counsel with a list of all class members who were disciplined for making a PREA Report during that period and the reason for such discipline. Plaintiffs' class counsel *may request* copies of NMCD's records relating to such discipline.

---

[1] Prison Rape Elimination Act, 34 U.S.C. §§ 30301, *et seq*.

(Doc. 3178 ¶ 14 (emphasis added).) NMCD has complied with the quarterly reporting requirement as well as providing certain disciplinary reports. However, Plaintiffs' counsel receives information from class members that they were disciplined for reporting PREA violations but who are not on the quarterly reports provided by Defendants. Plaintiffs assert that in order to assess compliance with Paragraph 13 of the SRSA, they must review investigative reports regarding alleged violations of the Prison Rape Elimination Act ("PREA"), including but not limited to any records related to the underlying PREA complaint and investigation such as video and witness statements.

It is Defendant NMCD's position that records regarding a PREA investigation are confidential pursuant to federal PREA regulations. *See* 28 C.F.R. § 115.61(b) ("Apart from reporting to designated supervisors or officials, staff shall not reveal any information related to a sexual abuse report to anyone other than to the extent necessary, as specified in agency policy, to make treatment, investigation, and other security and management decisions."). Further, NMCD policy identifies PREA investigations as confidential records. *See* NMCD Policy CD-150100 (A)(3). NMCD policies acknowledge the confidentiality rights of inmates, accused employees, and the investigation itself. Finally, pursuant to the Collective Bargaining Agreement that applies to some NMCD employees, confidential investigations regarding misconduct may not be produced without a court order.[2]

Plaintiffs do not agree that records regarding PREA investigations are confidential such that they cannot be disclosed without a confidentiality agreement pursuant to the regulations, policies or agreements noted above. However, Plaintiffs enter into this agreement to expedite receipt of documents Plaintiffs deem necessary to adequately assess Defendants' compliance with

---

[2] Not all PREA investigations involve allegations against NMCD employees.

SRSA Paragraph 13. By entering into this confidentiality order, Plaintiffs do not waive their right to pursue disclosure of PREA related records through other legal means such as public records requests and litigation in other cases.

Any investigations completed regarding PREA allegations and/or other records related to PREA allegations disclosed pursuant to this Order are referred to as "Confidential Information" in this case only and the Parties are in agreement that it will be kept confidential, as set forth herein. Any documentation produced subject to this Agreement is solely produced to demonstrate compliance with the SRSA. NMCD does not waive any objections regarding production of these materials outside of the instant litigation. Class members and Plaintiffs' counsel do not waive their rights to seek disclosure of these materials and other PREA reports, investigations, and other documents containing information related to, covered by, or generated pursuant to PREA through any other litigation including in discovery in any other lawsuit or in lawsuits pursuant to the New Mexico Inspection of Public Records Act, NMSA 1979 §§ 14-2-4, *et seq.*, or the Freedom of Information Act, 5 U.S.C. § 552. Furthermore, if any documents deemed "Confidential Information" in this case are produced as a public record or through litigation is deemed to be a public record, this confidentiality order will no longer apply to those documents.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

### Designation of Confidential Information

1. *Designation of Material*. Documents claimed to be or to contain Confidential Information shall, prior to production, be identified or marked by the producing party as "Confidential." Advisement that the producing party asserts that the documents are confidential, and/or placement of the "Confidential" designation on each protected page or on the initial page

of a protected document, when it is produced, shall constitute notice of and shall designate the page or document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of confidential material shall also be deemed Confidential Information and shall be subject to the provisions of this Order.

## Access to Confidential Information

2. *General Access*. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be used only for the purpose of assessing compliance with Paragraph 13 of the SRSA and may be provided to:

(a) To counsel for a party to the *Duran* litigation (including secretaries, paralegals, and other staff employed in the offices of such counsel who are working on the litigation).

(b) To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(c) To independent experts, investigators, and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's counsel) in good faith for the purpose of assessing compliance with Paragraph 13 of the SRSA after they sign **Exhibit A**, attached hereto.

(d) Nothing herein shall prevent the producing party from showing the documents or information to an employee or contractor of the producing party.

3. *No Copies/Notes*. Except for internal use and use in the above-captioned litigation by the parties themselves, counsel for the parties hereto, experts, independent consultants, investigators, court reporters, and others for whom such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or

otherwise summarize the contents of such Confidential Information.

4. *Disputes over Access*. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

5. *Use in this Litigation Only*. Confidential Information may be used only for the purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

6. *Use at Depositions*. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

7. *Use at Court Hearings*. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence or at any hearing or oral argument in this litigation, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. Further, parties must also redact any inmate and/or employee names when submitting these materials for public use.

8. *Filing Redacted Copies*. Each document filed with the Court that contains any Confidential Information shall redact any inmate and/or employee names.

9. *Reasonable Precautions*. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

10. *Return After Litigation*. Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court at the request of the disclosing party, counsel for each party shall return to counsel for the disclosing party all items constituting, containing, or reflecting the Confidential Information.

11. *Amending the Order*. Nothing in this Order prevents any party from seeking to amend this Order to address any unforeseen issues or concerns.

12. *Creation of Rights*. Nothing in this Order creates any right for any individual to review Confidential Information.

13. *Non-waiver of other objections*. Nothing in this Order waives Defendants' right to raise other objections to production of Confidential Information.

_____
THE HONORABLE KIRTAN KHALSA
U.S. MAGISTRATE JUDGE