IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN, *et al.*,

    Plaintiffs,

v.   Civ. No. 77-721 KK/SCY

MICHELLE LUJAN GRISHAM, *et al.*,

    Defendants.

## ORDER ON MOTION FOR ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiffs' Motion for Order to Show Cause Why Defendants Should Not Be Found in Contempt for Violating the Second Revised Settlement Agreement (Doc. 3365) ("Motion"), filed July 31, 2023. Having considered the parties' submissions, the record, and the relevant law, the Court FINDS that the Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as set forth below.

The dispute at issue concerns Paragraph 12 of the parties' Second Revised Settlement Agreement (Doc 3200-1) ("SRSA"), which the Court approved and adopted as a court order on February 14, 2020. (Doc. 3205 at 26-27.) Paragraph 12 requires the New Mexico Corrections Department ("NMCD") to

> ensure that class members are timely released on their certified release date following receipt of parole board certificate and, where applicable, when there is available space at a halfway house, transitional living center, or long-term residential treatment center.

(Doc. 3200-1 at 9 ¶ 12.) Under the SRSA, the Court retains jurisdiction over disputes between the parties regarding the interpretation or enforcement of Paragraph 12. (Doc. 3200-1 at 14 ¶ 27.)

The relevant facts are simple and undisputed. The NMCD has an informal but invariable policy of refusing to release inmates on their certified release date when that date falls on a

weekend or holiday. (Doc. 3365-8 at 2.) Rather, when an inmate's certified release date falls on a weekend or holiday, the NMCD's policy is to release the inmate on the next business day. (*Id*.) This policy was announced in an internal memorandum dated September 5, 2012, and has remained in effect since that date.[1] (*Id.* at 1-2; *see also* Doc. 3370 at 1-2.)

In their Motion, Plaintiffs contend that the NMCD's policy violates Paragraph 12 of the SRSA. (Doc. 3365.) Accordingly, Plaintiffs ask the Court to order Defendants to: (1) show cause why they should not be held in contempt; and, (2) "change their policy of detaining class members in prison past their certified release dates when those dates fall on a weekend or holiday." (*Id.* at 11.) In response, Defendants argue that the policy violates neither the Constitution nor Paragraph 12, and even if it did violate Paragraph 12, the NMCD is in substantial compliance with that paragraph and contempt sanctions are not appropriate. (Doc. 3370 at 3-10.)

Defendants tacitly concede that the pertinent issue here is not whether the policy in question is constitutional, but rather whether it violates Paragraph 12 of the SRSA. (Doc. 3370 at 3-4.) As explained below, the Court concludes that it does. A settlement agreement is a form of contract "and is construed using ordinary principles of contract interpretation." *Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993). "Where a contract is unambiguous, its terms are given plain meaning, and the intent of the parties is determined from the document alone." *Id.; see also Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 54, 858 P.2d 66, 80 (if contract language is "not ambiguous, it is conclusive"). A contract is ambiguous when it is "reasonably and fairly susceptible of different constructions." *LensCrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 18, 282 P.3d 758, 763.

---

[1] In contrast, the NMCD's formal Policy CD-083000 appears to contemplate weekend and holiday releases, though it does not affirmatively authorize them. (Doc. 3365-7 at 2-3.) Policy CD-083000 was issued in 2004, revised in 2016, and reviewed in 2022. (*Id.* at 1.)

The relevant portion of Paragraph 12 is not ambiguous in this context. Paragraph 12 specifically identifies the conditions necessary to trigger the requirement that the NMCD release class members "on their certified release date," *i.e.*, "following receipt of parole board certificate" and "where applicable, when there is available space at a halfway house, transitional living center, or long-term residential treatment center." (Doc. 3200-1 at 9 ¶ 12.) It does not expressly exclude weekends or holidays from the requirement, and it cannot reasonably and fairly be read to do so by implication. (*See id.*) In other words, by its plain meaning, Paragraph 12 requires the NMCD to release class members on their certified release date even if that date falls on a weekend or holiday, provided the paragraph's expressly stated conditions have been met. The NMCD's blanket refusal to release class members on weekends and holidays therefore violates Paragraph 12 of the SRSA.

Of course, as Defendants point out, "many halfway houses … do not accept inmates on holidays/weekends." (Doc. 3370 at 2.) But Paragraph 12 already accounts for this issue, where applicable, by conditioning the release requirement on there being space at a halfway house available. (Doc. 3200-1 at 9 ¶ 12.) If a halfway house will not accept an inmate on a weekend or holiday, then space cannot be said to be available there on a weekend or holiday. Defendants have also relied on the unavailability of "staff necessary to secure release" to justify their refusal to release inmates on weekends and holidays. (Doc. 3365-6 at 2-3.) But as Plaintiffs observe, the NMCD has advance notice of inmates' projected release dates and can therefore arrange for the necessary staff to be available on weekends and holidays when Paragraph 12 requires it. (Doc. 3365 at 10; Doc. 3373 at 8.)

For the above reasons, the Court will grant Plaintiffs' Motion insofar as it seeks an order requiring Defendants to change their policy to comply with Paragraph 12 regardless of whether

class members' certified release dates fall on a regular business day, weekend, or holiday. (Doc. 3365 at 11.) However, the Court will deny the Motion insofar as it seeks an order requiring Defendants to show cause why they should not be held in contempt. (*Id.*) Initially, in their reply, Plaintiffs essentially abandon this request, stating that they "are not requesting that the Court impose sanctions for contempt at this time, but instead are requesting that the Court find Defendants to be in violation of the SRSA and impose penalties if Defendants continue to refuse to release class members on weekends and holidays." (Doc. 3373 at 9.)

Further, on the present record, contempt sanctions are not warranted. According to the United States Supreme Court, civil contempt sanctions are inappropriate "where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, — U.S. —, 139 S. Ct. 1795, 1801 (2019) (emphasis and brackets omitted). As the *Taggart* Court explained, "[t]his standard reflects the fact that civil contempt is a severe remedy, and that principles of basic fairness require that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt[.]" *Id.* at 1802 (quotation marks, citation, and brackets omitted). Accordingly, the Tenth Circuit has stated that "[a] defendant may be absolved from a finding of civil contempt" if its acts and omissions "appear[] to be based on a good faith and reasonable interpretation of the order" it violated. *Spectra Sonics Aviation, Inc. v. Ogden City*, 931 F.2d 63, at *2 (10th Cir. Apr. 19, 1991) (unpublished).

Here, the Court finds that Defendants' acts and omissions have been based on a good faith and reasonable, though incorrect, interpretation of Paragraph 12. The policy in question was in effect when the SRSA was negotiated, and though some parts of the SRSA specifically indicate when the NMCD would be required to change its policies to comply with the agreement, Paragraph 12 does not. (*See, e.g.,* Doc. 3200-1 at 7-8 ¶¶ 4, 6.) Also, Paragraph 12 indicates that

4

Defendants will achieve substantial compliance with its requirements when they comply with these requirements "at least 85% of the time," (*id.* at 9 ¶ 12); and, according to Defendants, the NMCD's refusal to release inmates on weekends and holidays has not prevented it from achieving a compliance rate higher than 85 per cent.[2] (Doc. 3370 at 8-9.) The Court is not persuaded that either of these circumstances justifies the NMCD's policy, which directly contravenes Paragraph 12's plainly stated requirements. However, these circumstances do show that Defendants arrived at their erroneous interpretation of this paragraph in reasonable good faith.

IT IS THEREFORE ORDERED that Plaintiffs' Motion (Doc. 3365) is GRANTED IN PART and DENIED IN PART as follows:

(1) No later than **Friday, November 17, 2023**, Defendants shall cease to apply the NMCD's blanket policy of refusing to release class members on their certified release date whenever that date falls on a weekend or holiday, and shall comply with Paragraph 12 regardless of whether class members' certified release dates fall on a regular business day, weekend, or holiday; and,

(2) The Court will not require Defendants to show cause why they should not be held in contempt for violating Paragraph 12.

IT IS SO ORDERED.

*[signature: Kirtan Khalsa]*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[2] However, Plaintiffs dispute that Defendants' evidence on this point is conclusive. (Doc. 3373 at 4-5.)