IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN et al.,

    Plaintiffs,

v.                                                                           Civ. No. 77-00721 KK/SCY

MICHELLE LUJAN GRISHAM et al.,

    Defendants.

**DEFENDANTS' AMENDED
MOTION FOR FINDING OF SUBSTANTIAL COMPLIANCE
WITH PARAGRAPH 2 OF THE SECOND REVISED SETTLEMENT AGREEMENT**

Defendants, Michelle Lujan Grisham and the New Mexico Corrections Department, through their attorneys Robles, Rael & Anaya, P.C. (Taylor S. Rahn), state the following for their Amended Motion for Finding of Substantial Compliance with Paragraph 2 of the Second Revised Settlement Agreement[1]:

**INTRODUCTION**

This decades old lawsuit involves reforms to the New Mexico prison system. On February 14, 2020, the Court granted final approval of the Second Revised Settlement Agreement ("SRSA")

---

[1] Pursuant to D.N.M. LR Civ. 7.1 (a), Defendants attempted to determine whether this Motion was opposed before filing. Plaintiffs did not state a position prior to filing. Defendants previously filed a Motion for Finding of Substantial Compliance with Paragraph 2 of the Second Revised Settlement Agreement **(Doc. No. 3420)**, on January 22, 2025. Plaintiffs have not yet responded per an agreed extension. Defendants are filing an Amended Motion to attach the correct version of original Exhibit C and provide the Court with an additional exhibit. Additionally, Defendant has clarified its position on the start date of compliance.

setting forth all remaining obligations in this matter as well as a plan to bring this litigation to a conclusion. See (**Doc. No. 3205**). Relevant to this Motion is Paragraph 2 which provides:

> NMCD has initiated a study, which is being performed by the Institute for Social Research ("ISR"). The ISR study is assessing the potential benefits of revising the classification process, including establishing separate classification systems for male and female inmates. NMCD will ensure that the ISR study is completed and implemented and will pay Dr. James Austin his hourly rate of $175 per hour, up to $20,000, to provide input to ISR on these matters. Compliance with this provision is established upon the completion and substantial implementation of the ISR study. Plaintiffs and Defendants may agree that NMCD has complied with this provision and submit a stipulated order to that effect. In the event that Defendants have been found to be in sustained compliance with all other provisions of this Revised Settlement Agreement except this paragraph 2, then Plaintiffs' counsel will limit their monitoring relating to this Revised Settlement Agreement to matters directly related to the completion and implementation of the ISR study.

(Doc. No. 3200-1), ¶2.

Regarding the exit strategy, the SRSA provides:

> When the Defendants believe they have substantially complied with any of the items set forth in this Revised Settlement Agreement, they will notify the Plaintiffs in writing. The notice will state the basis for asserting substantial compliance. At any time after thirty days from this notice, the Defendants may file a motion for a finding of substantial compliance as to the item(s) addressed in the notice.

Id., ¶21.

Pursuant to the terms of the SRSA, Defendants seek a finding of substantial compliance with Paragraph 2.

## FACTUAL BACKGROUND

1. On March 7, 2024, ISR issued a final study. See ISR study, attached hereto as *Exhibit A*.

2. The study resulted in seven (7) recommendations. See *Exhibit A*, pp. 39-41.

3. Following the completion of the study, NMCD enacted a revised classification policy and form. See Policy CD-081200, effective June 3, 2024 (Bates Nos. 2ND_SRSA22161 – 2ND_SRSA22186), attached hereto as *Exhibit B*.

4. ISR's Recommendation No. 1 was to "*Remove Mandatory Overrides for Medical, Mental Health, and Felony Detainers*." See *Exhibit A*, p. 40.

5. NMCD's revised policy removes mandatory overrides for medical, mental health and felony detainers. See Policy CD-081200, effective June 3, 2024 (Bates Nos. 2ND_SRSA22161 – 2ND_SRSA22186), *Exhibit B*, pp. 15-16 (listing mandatory overrides).

6. Recommendation No. 2 was to "*Continue Evaluating Tool Implementation and Validity*." See *Exhibit A*, p. 40.

7. NMCD's policy requires six-month annual classification reviews. See *Exhibit B*, p. 6.

8. Additionally, NMCD has executed a contract with ISR for ongoing validation and review of the classification system. See Contract, attached hereto as *Exhibit C*.

9. Recommendation No. 3 was to "*Change Existing Factor Scores*." See *Exhibit A*, p. 40.

10. NMCD's updated initial classification and reclassification forms adopt the sample forms included as Appendix F to the ISR study with one exception discussed below.

11. Recommendation No. 4, "*Reduce Time Frames for Some Factors*." See *Exhibit A*, p. 41.

12. The ISR study recommended using a three-year time frame for evaluation of past conduct. Dr. Austin suggested a seven-year time frame would be relevant. In order to balance feedback from ISR and Dr. Austin, NMCD used a five (5) year time frame. See *Exhibit B*.

13. Recommendation No. 5 was to "*Remove the Alcohol/Drug Abuse Factor.*" See *Exhibit A*, p. 40.

14. This was removed from the initial classification form as suggested. See *Exhibit B*, (Bates No. 22180).

15. Recommendation No. 6 was to "*Remove the History of Disciplinary Factor.*" See *Exhibit A*, p. 40.

16. This was removed from the reclassification form as suggested. See *Exhibit B*, (Bates No. 22181).

17. Recommendation No. 7 was to "*Remove the Program/Work Performance Factor or Appropriately Measure.*" See *Exhibit A*, p. 40.

18. This was removed from the reclassification form as suggested.

19. Because classification is driven exclusively by the form, staff cannot calculate classification in a manner inconsistent with policy.

20. Additionally, since the policy and form became effective on June 3, 2024, all Duran class members have been classified.[2] See Chart, attached as *Exhibit D*.

---

[2] NMCD provided a list of all Duran class members along with their most recent re-classification date to Plaintiffs. Due to the private information, such as full inmate names and inmate numbers, as well as the volume of information, this information is not filed with the Court. However, should the Court wish to review this data or should Plaintiffs raise a dispute regarding re-classification dates of Duran class members, this information can be provided.

21. NMCD gave notice of compliance with Paragraph 2 on July 8, 2024. See Certificate of Service (**Doc. No. 3411**), filed on July 8, 2024.

22. Defendant contends it became fully compliant on June 3, 2024 by implementing the changes to policy, but no later than December 3, 2024, after all class members were reclassified under the updated policy.

**LEGAL STANDARD**

"A settlement document is a contract and is construed using ordinary principles of contract interpretation." Anthony v. United States, 987 F.2d 670, 673 (10th Cir. 1993) (further citation omitted). "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167, 1172 (10th Cir. 2013) (quoting Schoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004) (alteration in original)). The SRSA requires NMCD to "substantially compl[y] with the substantive provisions of the SRSA. This term is not explicitly defined in the SRSA, and while some paragraphs do define substantial compliance within the context of the paragraph (i.e., Paragraph 12), Paragraph 7 does not. Substantial compliance is a contract doctrine meant "to assist the court in determining whether conduct should, in reality, be considered the equivalent of compliance under the contract." Joseph A. by Wolfe v. New Mexico Dep't. of Human Servs., 69 F.3d 1081, 1086 (10th Cir. 1995) (citing John D. Calamari & Joseph M. Perillo, The Law of Contracts § 11-15 at 454 (3d ed. 1987)). The phrase "substantial compliance" is not susceptible of a mathematically precise definition. Id. "Thus, the touchstone of the substantial compliance inquiry is whether Defendants frustrated the purpose of the consent decree – i.e., its essential requirements." Id. At least one other court in this district has also turned the dictionary definition

5

of substantial: "being largely but not wholly that which is specified." Jackson v. Los Lunas Ctr. for Persons with Developmental Disabilities, No. CV 87-0839 JFR/KBM, 2021 WL 5866489, at *15 (D.N.M. Dec. 10, 2021) (citing Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/substantial).

At least one other court has compared motions for findings of compliance with consent decrees to motions for summary judgment. See Jackson v. Los Lunas Ctr. for Persons with Developmental Disabilities, No. CV 87-0839 JAP/KBM, 2020 WL 4220907, at *3 (D.N.M. July 23, 2020) ("Procedurally, motions to disengage the action items in the SA are like motions for summary judgment."). "Summary judgment procedure is properly regarded not as a procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure a just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c) of the Federal Rules of Civil Procedure, the movant:

> bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 (quoting Fed.R.Civ.P. 56(c)). "[W]ith or without supporting affidavits," the movant may meet its Rule 56 burden by pointing out to the court that the non-movant "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322 and 323; Lujan v. National Wildlife Federation, 497 U.S. 871, 884-85 (1990).

Once the movant has met its Rule 56 burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. Matsushita Electric Industrial Co. v. Zenith

Radio Corp, 475 U.S. 574, 586-87 (1986). On summary judgment, the court must view the evidence in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court, however, cannot "assume" that a disputed issue of material fact exists if there are insufficient facts to support the non-movant's allegations. Lujan, 497 U.S. at 888. By its terms, Rule 56(c) provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 248-49 (italics in the original). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248 (citation omitted).

The non-movant, moreover, cannot satisfy its burden with "some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, "conclusory allegations," Lujan, 497 U.S. at 888, unsubstantiated assertions, Wilson v. Meeks, 52 F.3d 1547, 1553 (10th Cir. 1995), or the "mere existence of a scintilla of evidence, in support of the [non-moving party's] position," Anderson, 477 U.S. at 252. To meet its Rule 56 burden, the non-movant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). If the non-movant fails to show that there is a genuine issue as to any material fact, the movant is entitled to summary judgment as a matter of law. Celotex, 477 U.S. at 322.

## LEGAL ARGUMENT

Paragraph 2 provides "[c]ompliance with this provision is established upon the completion and substantial implementation of the ISR study." As set above, ISR has completed the study. NMCD has substantially implemented the seven (7) recommendations from the ISR study. In fact, NMCD fully adopted six recommendations from the ISR study without modification. The sole recommendation that was modified was actually modified to balance competing recommendations from ISR and the expert retained by Plaintiffs. While NMCD contends adoption of the modified policy was sufficient to substantially implement the recommendations from the study, per Plaintiffs' position, NMCD waited to seek initial compliance until all Duran class members had been reclassified using the modified classification process.

Additionally, Defendant requests this Court find compliance began on December 3, 2024, the date by which all class members were re-classified pursuant to six-month classification reviews under the policy that was enacted on June 3, 2024. The SRSA contemplates a six-month sustained compliance period. In the past, the parties have typically stipulated to compliance, such that there is not a lengthy delay between the notice of compliance, filing of motion, and entry of stipulated order setting a sustained compliance period. Here, because Plaintiffs currently oppose a finding of compliance, delaying the start of the sustained compliance period will likely result in additional months of sustained compliance. Defendant was in compliance as of December 3, 2024 and that should serve as the start date for compliance.

**WHEREFORE**, Defendants request the Court enter an Order granting their Motion for Finding of Substantial Compliance with Paragraph 2 of the Second Revised Settlement Agreement,

determining Paragraph 2 to be in substantial compliance, and setting the deadline for sustained compliance six (6) months from December 3, 2024, which was the start date of compliance.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By: /s/ Taylor S. Rahn
     Taylor S. Rahn
     Attorney for Defendants
     500 Marquette Ave. NW, Suite 700
     Albuquerque, New Mexico 87102
     (505) 242-2228
     (505) 242-1106 (facsimile)
     taylor@roblesrael.com

I hereby certify that on this 17th day of February 2025, the foregoing was electronically served through the CM/ECF system to all counsel of record.

/s/ Taylor S. Rahn
Taylor S. Rahn