IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN et al.

Plaintiffs,

v. Case No. 1:77-cv-00721-LF-SCY

MICHELLE LUJAN GRISHAM et al.

Defendants.

**CLERK'S MINUTES**
Before the Honorable Laura Fashing,
United States Magistrate Judge

**DATE**: Friday, September 11, 2026

**COURTROOM CLERK**: JEB

**PROCEEDINGS COMMENCED**: 10:00 a.m.

**COURT IN RECESS**: 10:50 a.m.

**TYPE OF PROCEEDING**: *Status Conference*

**ATTORNEYS PRESENT FOR PLAINTIFFS**:

Alexandra Freedman Smith
Doreen McKnight
Mark H Donatelli

**ATTORNEY PRESENT FOR DEFENDANTS**:

Taylor Sauer Rahn

**The following issues were discussed**:

I. The Court asked the parties which attorneys were still active in the case.

- Plaintiffs' counsel stated that Alexandra Smtih, Doreen McKnight, Katherine Lowe, Nicholas Davis, and Peter Cubra actively represent Plaintiffs. Mr. Cubra's address on the docket is incorrect. David Fathi is no longer representing Plaintiffs. Phillip Davis is deceased. Plaintiffs' counsel will attempt to contact Mr. Fathi to ask him to file a notice of withdrawal.

- Ms. Rahn stated that she is the only attorney representing Defendants. David Arnold and Vincent Nathan were special masters on the case years ago. Mr. Donatelli stated that they were appointed by Judge Burciaga and terminated from the case by Judge Conway. Mr. Nathan is deceased.

II. The Court asked who Barry Halloway is and why he has continued to receive notice of filings in this matter. Plaintiffs' counsel explained that Mr. Halloway was a class member who revived the case after a period of inactivity to raise double-celling issues. He has since been released from prison and is no longer a class member, but Plaintiffs' counsel is still in contact with him. The Court asked Plaintiffs' counsel to file a notice clarifying Mr. Halloway's status and stating that he is no longer a class member. Plaintiffs' counsel will work to clear up Mr. Halloway's status on the docket.

III. The Court stated her understanding that there are three pending motions involving the parties. The Court asked about two pending motions from a pro se individual. The Court stated that the parties need not respond to the pro se motions unless the Court orders them to do so.

IV. The Court addressed two pro se class members, Patricio David Ortegon and David S. Peterson, who had appeared on the docket but were recently terminated. All counsel confirmed that it was appropriate to terminate them from the docket.

V. Defense counsel confirmed that the only two defendants in this case are the Governor and New Mexico Corrections Department/Alisha Tafoya Lucero.

VI. The Court stated that she had addressed all the items on her agenda and asked the parties whether they had anything to present.

- Ms. Rahn provided an overview of the pending motions and stated that Paragraphs 2, 10, and 12 are still at issue. However, it is the parties' understanding that Paragraph 10 is not subject to the disengagement requirements of Paragraph 21 and that it will be terminate when all other items in the Second Revised Settlement Agreement ("SRSA") are terminated.

VII. Ms. Rahn explained that Paragraphs 2 and 12 are the main provisions of the SRSA still at issue, and she stated parties' understanding that Paragraph 10 is not subject to the Paragraph 21 requirements for disengagement and will be disengaged when all other items are disengaged.

VIII. Ms. Rahn also stated that if the Court were to grant the pending motions for substantial compliance, Defendants would ask that the period for sustained compliance begin from the date the motions were filed rather than the date the Court grants those motions given the length of time they have been pending.

- Relating to Paragraph 2, Ms. Rahn clarified that Defendants request that the period of sustained compliance would start on the date the original motion was filed (January 22, 2025) rather than the date the amended motion was filed.

IX. Ms. Rahn stated that the parties previously had waived a hearing on the Paragraph 2 motion and that Defendants were prepared to waive a hearing on the Paragraph 12 motion.

X. Ms. Smith explained that the issues regarding Paragraphs 2 and 12 are more difficult compared to the past disputes the parties have had. Ms. Smith agreed that no evidentiary hearing or oral argument on Paragraph 2 was necessary. As to Paragraph 12, Ms. Smith argued that the period of sustained compliance should begin from the date of the Court's order if the Court grants the motion. Ms. Smith did not foresee the need for an evidentiary hearing on Paragraph 12 but stated that oral argument may be helpful.

XI. The Court stated her goal to rule on the motions before the end of the year and asked the parties about setting an oral argument hearing on the motions. The hearing can be vacated if the Court or the parties later decide it is not necessary.

- The Court and the parties agreed to set the hearing for the afternoon of November 17, 2026.

- As of now, the hearing will be on both motions for substantial compliance, but if the Court rules on one of those motions before the hearing, then the hearing will only address the remaining motion.

XII. The Court will enter an order terminating some of the inactive attorneys from the docket and correcting Mr. Cubra's contact information. The parties may file objections to the order if they believe it is inaccurate. Plaintiffs shall ask Mr. Fathi to file a notice of withdrawal and also a notice as to Mr. Holloway's status by September 25, 2026.