IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DWIGHT DURAN et al.

Plaintiffs,

v. Case No. 1:77-cv-00721-LF-SCY

MICHELLE LUJAN GRISHAM et al.

Defendants.

**ORDER**

THIS MATTER is before the Court on Rufino Urquidi-Castillo's Emergency Motion of Objection(s) (Doc. 3498), filed July 29, 2026, and Motion to Explain Positioning (Doc. 3499), filed August 10, 2026. For the following reasons, the Court DENIES the motions.

In his emergency motion of objections, Mr. Urquidi-Castillo "object[s] to such decree(s)" and asserts that he is "exempt from such agreements or negotiations." Doc. 3498 at 1. He contends that there are "negotiation(s) . . . taking part without proper individual consent, fair participation in process and authorization." *Id.* The motion makes no clear request nor specifies what decrees, agreements, or negotiations Mr. Urquidi-Castillo objects to or believes he is exempt from. Mr. Urquidi-Castillo's second motion is similarly vague. *See* Doc. 3499. Mr. Urquidi-Castillo again argues that he is "exempt from such agreements in the past or future contracts with first being a fair due process in such proceedings" but does not specify those agreements or contracts nor make a clear request of the Court. *See id.* at 2.

To the extent that Mr. Urquidi-Castillo seeks enforcement of the Second Revised Settlement Agreement ("SRSA") as a member of the Plaintiff class, he must do so through current class counsel. "Plaintiffs are being effectively and vigorously represented by counsel

who have a good knowledge of the law and long experience with the particular facts of this case." *Arney v. Finney*, 766 F. Supp. 934, 940 (D. Kan. 1991), *aff'd in part, appeal dismissed in part*, 967 F.2d 418 (10th Cir. 1992).

> As the court has stated on other occasions in this litigation, the court must rely upon counsel for plaintiffs to represent the class and to bring relevant matters to the court's attention on behalf of the class. The confusion and repetition which would be created by individual members of the class raising their own complaints was one of the reasons for certifying this matter as a class action. Although the court has permitted various documents authored by individual class members to be filed in this case, this does not mean that individual class members . . . are at liberty to act as lawyers for the class or to pursue individual claims unrelated to the class.

*Id.* (citation omitted). Here, class counsel have shown that they are fully able and willing to seek relief from the Court as warranted by filing appropriate motions on behalf of the class in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. FED. R. CIV. P. 7(b)(1); D.N.M.LR-Civ. 7.1. Thus, if Mr. Urquidi-Castillo believes that Defendants have failed to comply with the SRSA's terms, he should confer with class counsel regarding how to proceed.

To the extent that Mr. Urquidi-Castillo is attempting to pursue individual claims that fall outside of the SRSA's provisions, he must bring such claims in an independent lawsuit. *Arney*, 766 F. Supp. at 941 (individual claims not relevant to class claims "should be raised in separate litigation"); *see also* Doc. 3200-1 ¶¶ 27, 29 (the Court retains jurisdiction over disputes regarding "the interpretation or enforcement" of the SRSA, which "constitutes the entire set of obligations and duties necessary for Defendants' full release from this litigation"). If Mr. Urquidi-Castillo wishes to retain an attorney on his own for any claim unrelated to the SRSA, he may consult the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Mr. Urquidi-Castillo's Emergency Motion of Objection(s) (Doc. 3498) and Motion to Explain Positioning (Doc. 3499) are DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Mr. Urquidi-Castillo at the return address he provided on the envelop within which he mailed his Motion to Explain Positions. *See* Doc. 3499 at 5.

Laura Fashing
United States Magistrate Judge